IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR - 3 2006
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| OTAY MESA PROPERTY L.P., RANCHO VISTA DEL MAR, OTAY INTERNATIONAL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 06-167 L<br><br>Judge |

## COMPLAINT FOR JUST COMPENSATION

This is a suit by three landowners under the Fifth Amendment of the United States Constitution to recover just compensation for the physical taking of approximately 750 acres of prime development land located in eastern San Diego County, California, near the border with Mexico. The United States, acting through agents for the Customs and Border Protection, has physically entered onto Plaintiffs' land continuously for several years, has intentionally channeled illegal immigrants onto Plaintiffs' land for roundup and arrest, and has constructed a permanent shelter for Border Patrol officers and other facilities on Plaintiffs' property.

**Parties**

1. Plaintiff Otay Mesa Property L.P. is a limited partnership organized under the laws of the State of California and the owner in fee of an approximately 75-acre parcel of unimproved land in the Otay Mesa area of San Diego County. This parcel, which is shown in purple on Exhibit A, is zoned for landfill, international racetrack, and industrial use, and is poised for immediate development.

2. Plaintiff Rancho Vista Del Mar is a corporation organized under the laws of the State of California and the owner in fee of an approximately 514-acre parcel of unimproved land in the Otay Mesa area of San Diego County. This parcel, which is shown in orange on Exhibit A, is also zoned for landfill, international racetrack, and industrial use, and is poised for immediate development.

3. Plaintiff Otay International LLC is a limited liability corporation organized under the laws of the State of California and the owner in fee of an approximately 160-acre parcel of unimproved land in the Otay Mesa area of San Diego County. This parcel, which is shown in green on Exhibit A, is also zoned for landfill, international racetrack, and industrial use, and is poised for immediate development.

4. Defendant, United States of America, is a republic formed pursuant to the Constitution of the United States, and exercising the powers described therein subject to certain limitations, including the Fifth Amendment to the United States Constitution, which prohibits the taking of private property for public use without payment of just compensation.

**Jurisdiction**

5. This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States . . . ."

**Operative Facts**

6. The parcels owned by these three Plaintiffs are contiguous, and are designated on the Regional Plan for San Diego County for development as landfill and international

racetrack. All three Plaintiffs acquired their property for the purpose of developing it, and have agreed to jointly develop their properties as a landfill and an international racetrack, a highly valuable use.

7. In the early 1990s, the United States began construction of the San Diego Border Fence, a steel plate wall 10-feet high, which now stretches from the Pacific Ocean 14 miles eastward to Plaintiffs' property, where it terminates as shown on Exhibit A. The Border Fence is presently outfitted with infrared surveillance cameras and stadium lighting. Parallel second and third fences, with paved roads between them for use by the Border Patrol, are planned for the Border Fence, together with more state-of-the-art electronic surveillance. According to the U. S. Border Patrol, this barrier has cut the number of illegal immigrants caught from about 530,000 in 1993 to 127,000 in 2004. The purpose of the Border Fence is to channel illegal immigrants eastward away from the city of San Diego, toward less occupied lands where they can be rounded up, arrested, and deported. Current plans are to extend the Border Fence eastward another 3 miles, but construction of this extension has not gone forward.

8. The Border Fence has operated as it was designed, channeling illegal immigrants eastward away from the city into open country where they can be rounded up, arrested, and deported. Since the Fence has not yet been completed, however, it now terminates on Plaintiffs' properties and, in consequence, the roundup and arrest of illegal aliens takes place on Plaintiffs' properties almost nightly. Border Patrol vehicles speed across Plaintiffs' properties, and vans or buses are brought in to haul away the illegal immigrants. The Border Patrol has also erected various structures used in connection

with its activities on Plaintiffs' property, including a wood shelter for its officers and numerous portable generated floodlights, to further their activities.

9. Thus, as a direct, foreseeable and proximate result of the United States' construction and operation of the Border Fence, Plaintiffs' property has been taken for public use.

10. Despite the mandatory requirement of the Fifth Amendment, Plaintiffs have not been paid just compensation for the property which the United States has taken.

11. At this time Plaintiffs are uncertain of the fair market value of the property taken. Plaintiffs will seek leave of this Court to amend this Complaint to conform to proof of fair market value at trial.

**CLAIM FOR RELIEF**
**JUST COMPENSATION FOR PROPERTY TAKEN**

12. The Constitution of the United States requires that Defendant United States pay to Plaintiffs just compensation for all property taken for public use.

13. To date, Defendant United States has paid nothing to Plaintiffs as compensation for the property it has taken for public use, in violation of the Constitution of the United States.

14. As a direct, foreseeable and proximate result of the acts of Defendant, Plaintiffs have been damaged in an amount as yet unascertained, equal to the just compensation due them under the Fifth Amendment, including interest thereon at a rate to be established by this Court. Plaintiffs will seek leave of Court to amend this complaint to conform to proof of such damages at trial.

16. As a further direct, foreseeable and proximate result of the taking of their property without just compensation, Plaintiffs have been required to and have retained

the services of counsel to prosecute this action. Plaintiffs have incurred, and will incur, attorneys' fees, appraiser and expert witness fees, and costs and expenses of litigation in an amount as yet unascertained. Plaintiffs will seek leave of this Court to amend this complaint to conform to proof of such damages at trial.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff prays for relief as follows:

1. A money judgment equal to the just compensation owing to each Plaintiff for the permanent taking of its property for public use, together with interest thereon at the legal rate from the date of taking;

2. Reasonable attorneys' fees for the bringing of this action;

3. The expenses of appraisers and other experts reasonably required to prosecute this action, together with other costs of this suit; and

4. Such other and further relief as the Court may deem just.

Roger J. Marzulla by Nancie G. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

Dated: March 3, 2006


Parcel 2
Rancho Vista Del Mar
Parcel 3
Otay International LLC
Parcel 1
Parcel 1
Otay Mesa Property LP
Secondary Border Fence
International Boundary
Enrico Fermi
OTAY MESA ROAD
Airway Rd
Siempre Viva
905

EXHIBIT

A