**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| OTAY MESA PROPERTY L.P.,<br>RANCHO VISTA DEL MAR,<br>OTAY INTERNATIONAL LLC, | ) | |
| Plaintiffs, | ) | No. 06-167 L |
| v. | ) | Hon. Lawrence M. Baskir |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of this Court, Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, and Defendant, United States of America, hereby submit the following Joint Preliminary Status Report:

**a. Jurisdiction**.

Plaintiffs state that this Court has jurisdiction over this case under the Tucker Act as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States . . ." 28 U.S.C. § 1491.

Defendant states that the Tucker Act, 28 U.S.C. § 1491, is the

principal statute conferring jurisdiction on this Court to adjudicate claims of a Fifth Amendment taking.

**b. Consolidation**.

The parties agree that there is no case with which this case should be consolidated.

**c. Bifurcation**.

The parties agree that the case should be bifurcated, with liability tried first, and damages tried thereafter if liability is found.

**d. Deferral of further proceedings**.

The parties agree that further proceedings should not be deferred.

**e. Remand or suspension**.

The parties agree that they do not intend to seek a remand or suspension in this case at this time.

**f. Additional parties**.

The parties agree that they do not intend to join any other parties at this time.

**g. Dispositive motions**.

The parties contemplate filing cross-motions for summary judgment on liability, following a reasonable period for discovery. The parties will endeavor to submit a jointly proposed briefing schedule after the close of discovery.

**h. Relevant Factual and Legal Issues**.

**1. Plaintiffs' Statement**:

This is a suit by three landowners under the Fifth Amendment of the United States Constitution to recover just compensation for the physical taking of approximately 750 acres[1] of prime development land located in eastern San Diego County, California, near the border with Mexico. The United States, acting through agents for the Customs and Border Protection, has physically occupied Plaintiffs' land continuously for several years, asserting that it has the statutory right to do so. Agents of the United States have even asserted that Plaintiffs' land is government property, and have ordered Plaintiffs' employees off the land.

The United States has also constructed a 14-mile long triple border fence, complete with infrared video cameras, floodlights and motion detectors, which operates to channel hundreds of illegal immigrants onto Plaintiffs' land where they are pursued, arrested, placed in vans and taken away.

Defendant has never purchased the right to occupy Plaintiffs' land.[2]

---

[1] Defendant's activities have begun to interfere with use of additional land owned by Plaintiffs. Plaintiffs may seek to amend their complaint to allege a taking of this additional land.

[2] Plaintiffs note that Defendant indicated in its Answer that it plans to acquire an easement over a portion of Plaintiffs' property. However, at this time Defendant has not made an offer to purchase the subject property, nor

Defendant's asserted affirmative defenses lack merit. This case is ripe for review because Plaintiffs allege a physical taking, for which no exhaustion of administrative remedies is required. This case is timely because Defendant's exercise of dominion did not ripen into ownership until the year 2000 or later. Likewise, this constitutional claim for just compensation is not barred by laches or equitable estoppel.

Plaintiffs have identified the following legal issues for resolution by this Court:

1. Do Defendant's continuous physical occupancy of Plaintiffs' land and its channeling of a steady stream of illegal immigrants onto the subject property constitute a physical taking for which just compensation is due under the Fifth Amendment?

2. If so, what is the appropriate measure of just compensation damages, including interest?

3. Are Plaintiffs entitled to attorney's fees and other litigation costs, including expert witness costs, and what is the appropriate amount of such fees and costs to be awarded to Plaintiffs?

**2. Defendant's Statement**:

Plaintiffs own property adjacent to and in the vicinity of the United States' border with Mexico near San Diego, California.

The United States Border Patrol was founded in 1924, and has conducted active patrols of the border since that time. The Border Patrol is

---

has it instituted condemnation proceedings, which would afford Plaintiffs just compensation for the land.

part of the Bureau of Customs and Border Protection, which is in turn part of the Department of Homeland Security. The Border Patrol's primary mission is to detect and prevent the entry of terrorists, weapons of mass destruction, and unauthorized aliens into the United States, and to interdict drug smugglers and other criminals between the official points of entry to the country.

In the course of law enforcement activities patrolling the border for the purposes of preventing illegal entry, and to apprehend those who have illegal entered, the United States Border Patrol routinely enters upon properties located in the vicinity of the border pursuant to 8 U.S.C. § 1357(a)(3). To the end, the Border Patrol have had occasion to enter onto the properties at issue in this litigation for law enforcement purposes. Sensors have also been placed in the ground on properties adjacent to the border, including those at issue in this litigation, since 1980. The use of floodlights began at least by 1994; they are placed at ever-changing temporary locations for the purpose of deterrence and to assist in the visibility of Border Patrol operations. A single, temporary shelter was constructed on the property at issue in this litigation by no later than 1995.

In 1990, the United States began construction of a fence ("Primary Fence") along the border, designed to stretch from the Pacific Ocean, 14 miles eastward. The portions of that fence adjacent to Plaintiffs' property

were completed in 1993 as part of what was called “operation Gatekeeper.” At that time, the number of Border Patrol agents was dramatically increased.

Construction of the secondary fence, known as the Border Infrastructure System, began in 1996; at present approximately 9 miles of what will eventually be 14 miles has been constructed. The land underneath the fence has been acquired by the United States through a series of direct condemnations. The eastern terminus of the secondary fence was completed in 2001 and is located near the western edge of Parcel of the properties at issue in this litigation; approximately one miles remains to be constructed. Because the Primary Fence is difficult to cross, and because the terrain makes apprehension more likely, the secondary fence has not had the effect of channeling illegal aliens onto Plaintiffs’ properties.

The legal issues in this case is whether there has been a Fifth Amendment taking of Plaintiffs’ property. This issue includes a determination of the following:

1. Whether Plaintiffs’ complaint is barred by the statute of limitations;

2. Whether Plaintiffs Possess a Cognizable Property Interest in Excluding the Border Patrol from their Property;

3. Whether the physical intrusions at issue establish a Fifth

Amendment physical taking; and

4. If so, what is the just compensation, interest, and attorneys fees and litigation costs due Plaintiffs.

**i. Settlement/Alternative Dispute Resolution**.

At this time, and pursuant to Judge Bruggink's May 18, 2006 Order deferring initiation of ADR proceedings in this case, the parties do not believe that any form of alternative dispute resolution would be helpful before the resolution of threshold legal issues presented by this case.

**j. Trial**.

At present, the parties intend to file cross-motions for summary judgment on liability after the close of discovery, thus potentially obviating the need for a trial to resolve the liability issues. If Plaintiffs prevail on the merits, Plaintiffs anticipate that a trial on damages will be required. Plaintiffs have not yet determined where this trial should be held.

**k. Electronic Case Management.**

The parties are unaware at this time of any electronic case management issues.

**l. Other Information for the Court.**

The parties are not aware at this time of any further information that should be brought to the Court's attention.

Counsel represent that the early meeting of counsel occurred on

Tuesday, September 12, 2006, at which the parties discussed the issues set forth in Paragraph 3 of Appendix A of the Rules of the Court of Federal Claims. Counsel represent that they have discussed the initial disclosures required by RCFC 26(a)(1), a discovery schedule, and settlement prospects. Counsel did not exchange specific information on damages computations because no such computations have been made at this time, and further because counsel have agreed that this case should be bifurcated into a liability phase and a damages phase.

**m. Discovery Plan**.

The parties propose the following discovery schedule for the liability issue. The parties are available to hold the preliminary scheduling conference with the Court on either October 23 or October 31, 2006, if such dates are convenient for the Court.

(i) Exchange Rule 26 disclosures by October 5, 2006;

(ii) Exchange Rule 33, 34, and 36 written discovery by November 1, 2006;

(iii) Exchange responses to Rule 33, 34, and 35 written discovery by December 13, 2006;

(iv) Exchange expert reports, if any, by January 15, 2007;

(v) Depose all fact and expert witnesses, if any, by February 9, 2007;

(vi) Close liability discovery on February 9, 2007;

(vii) Request scheduling of a post-discovery status conference as soon as practicable after February 9, 2007. At that status conference, Plaintiffs intend to discuss the status of the case, a schedule for summary judgment, and a pre-trial schedule.

Respectfully submitted,

_s/ Nancie G. Marzulla______
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

_s/ Susan V. Cook____________________
SUSAN V. COOK
Senior Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0470
(202) 305-0506 (Fax)

Counsel for the United States

Dated: September 19, 2006