**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| OTAY MESA PROPERTY L.P., et al., | ) | |
| Plaintiffs, | ) | No. 06-167L |
| v. | ) | Hon. Lawrence M. Baskir |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**NOTICE OF INDIRECTLY RELATED CASES**

Plaintiffs[1], Otay Mesa Property L.P., Rancho Vista Del Mar, Otay International LLC, International Industrial Park, Inc., and D & D Landholdings, hereby respond to Defendant's Notice of Indirectly Related Cases filed pursuant to RCFC 40.2(b), asking this Court to consolidate two newly filed cases, *Int'l Indus. Park, Inc. v. United States*, No. 06-876L, and *D & D Landholdings, a Ltd. P'ship v. United States*, No. 06-877L, with *Otay Mesa Property L.P. v. United States,* No. 06-167L for all purposes. Although Plaintiffs and Defendant have already agreed to joint depositions

[1] This Response to Defendant's Notice of Indirectly Related Cases is filed on behalf of all five Plaintiffs in the three cases Defendant seeks to consolidate, *Otay Mesa Property L.P. v. United States*, No. 06-167L, *International Industrial Park, Inc. v. United States*, No. 06-876L, and *D & D Landholdings v. United States*, No. 06-877L.

and other discovery in these cases, Plaintiffs submit that a decision on consolidation of all of these five cases for trial is premature for the following reasons: (1) the cases are at materially different stages of discovery, having been filed nine months apart; (2) this Court has already ruled on December 14, 2006, that factual differences among the cases precludes joining these claims in the same Complaint; and (3) as discovery and trial preparation proceed, further factual differences among the cases may develop which would preclude the efficient joint trial of all five claims. Accordingly, Plaintiffs request that the three judges to whom these cases are assigned defer a decision on consolidation for purposes other than discovery until the facts have been more fully developed.

**Factual Background**

This is a physical taking case arising out of the government's occupation of Plaintiffs' several contiguous properties, which are located in California along the U.S./Mexico border, by Border Patrol, National Guard, and other federal agents, whose task is to stem the tide of illegal immigration from Mexico.

Over the last 15 years, the United States has significantly stepped up its efforts to stop illegal immigrants from crossing the border in the San Diego area. In the early 1990's, the United States began construction of the San Diego Border Primary Fence that now stretches from the Pacific

Ocean 14 miles eastward to Plaintiffs' properties. *See* Ex. A. The San Diego County border Primary Fence begins at the Pacific Ocean. It is eleven feet high and is made of steel matting. In 2001, the United States completed construction of nine miles of the Secondary Fence, which runs parallel to the Primary Fence. The Secondary Fence, which is made of steel mesh, begins three miles from the Pacific Ocean, and travels eastward, parallel to and approximately 130-150 feet north of the Primary Fence; the Secondary Fence currently ends at the western terminus of the 74.55-acre parcel of land owned by Otay Mesa Property L.P. *See* Ex. A. The United States is currently constructing one additional mile of the Secondary Fence, extending it further east, to the eastern terminus of the 74.55-acre parcel of land owned by Otay Mesa Property L.P.

The direct, foreseeable, and intended effect of Defendant's construction of the Border Fence, particularly the Secondary Fence, was to channel illegal immigrants crossing the border from Mexico, eastward away from San Diego, and onto Plaintiffs' properties, where United States Border Patrol agents lie in wait to round them up and arrest them. With completion of the Secondary Fence in 2001, the Border Patrol began flooding Plaintiffs' various properties with more and more agents to capture and deport the daily stream of illegal immigrants seeking to flank the Secondary Fence and traverse Plaintiffs' lands. As a result, armed federal agents

have permanently occupied hundreds of undeveloped but highly developable acres of land owned by the five Plaintiffs, and Plaintiffs' agents have actually been chased off their properties by speeding Border Patrol vehicles in hot pursuit.

A few recent examples suffice to illustrate the extent of the intrusion by the Border Patrol. On August 8, 2006, Darryl Griffen, Chief Patrol Agent for the United States Customs and Border Protection, demanded access to a fenced-off portion of land owned by Plaintiff International Industrial Park, Inc., and threatened that "if access is required and we do not have the necessary keys, we may have no choice but to cut your chain and place a lock of our own . . . ." *See* Ex. B. Border Patrol agents routinely chase Plaintiffs off of their own property, and some agents have even told Plaintiffs' representatives that the United States owns the Subject Property. On November 6, 2006, Plaintiff, Otay Mesa Property L.P., discovered that the Border Patrol had pitched tents on its property, and was in fact using its land as a training facility for its agents.

**Procedural History**

Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, owners of adjacent properties along the Mexican border, jointly filed a single Complaint on March 3, 2006. Defendant filed its Answer on August 2, 2006. The parties filed their Joint Preliminary Status

Report on September 19, 2006. The preliminary status conference was held on October 31, 2006. During the preliminary status conference, concerned that "somewhere down the line the facts would diverge for each of the pieces of property," (Status Conference Tr. 16:12-14, Oct. 31, 2006), the Court ordered that the claims of the three Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, be severed and assigned separate docket numbers. (Order at 1, Nov. 1, 2006.) The newly created cases were then consolidated for all purposes under the lead case, *Otay Mesa Property L.P. v. United States*, No. 06-167L. (Order at 2, Nov. 1, 2006.)

As Border Patrol activities continued to expand onto other properties along the border, on December 4, 2006, Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, filed an unopposed motion to amend their complaint to identify these additional lands that had been taken without just compensation. In that same motion, the owners of two additional parcels, International Industrial Park, Inc. and D & D Landholdings, also sought to be added as Plaintiffs in the suit. Although Defendant did not oppose this motion, in its December 14, 2006 Order, this Court denied the request to add the claims of these two new Plaintiffs and their properties to the existing suit, stating that International Industrial Park and D & D Landholdings "may file separate, individual

complaints with the Court of Federal Claims."[2] (Order, Dec. 14, 2006.) In compliance with this Court's December 14, 2006 Order, on December 22, 2006, International Industrial Park, Inc. and D & D Landholdings each filed separate complaints, which were assigned to two separate judges of this Court. Specifically, *Int'l Indus. Park Inc. v. United States,* No. 06-876L, was assigned to Hon. Judge Thomas Wheeler; *D & D Landholdings v. United States,* No. 06-877L was assigned to Hon. Judge Margaret Sweeney.

In light of this Court's December 14, 2006 Order that these be filed as separate suits, Plaintiffs did not file a Notice of Indirectly Related Cases. These Plaintiffs understood this Court's December 14, 2006 Order to have already determined that their claims were not appropriate for consolidation with the claims of Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, which the Court had already consolidated in its November 1, 2006 Order.

## ARGUMENT

[2] That Order did, however, allow the three original Plaintiffs to add new parcels to their Complaint: "Plaintiffs may file an Amended Complaint in the above-captioned case seeking to add the additional parcels of land to the claims of Plaintiff Otay Mesa Property L.P. and Plaintiff Rancho Vista Del Mar." (Order at 1, Dec. 14, 2006.) Accordingly, Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, filed an Amended Complaint on December 21, 2006 adding only the additional parcels of land.

## I. Standards for Consolidating Cases

RCFC 40.2(b) states as follows:

> [W]henever it appears to a party that there are two or more cases before the court that present common issues of fact and that transfer, consolidation, or the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice, the party may file a Notice of Indirectly Related Case(s).

RCFC 40.2(b).

RCFC 42(a), which grants the Court discretion to consolidate cases, states as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a).

The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation. *Karuk Tribe of Cal. v. United States*, 27 Fed. Cl. 429, 433 (1993) (citing *Bank of Montreal v. Eagle Assocs.,* 117 F.R.D. 530, 532 (S.D.N.Y.1987)). In exercising its discretion to consolidate cases, the Court must first determine whether the cases present a common question of law or fact. *Lowry Econ.*

*Redevelopment Auth. v. United States*, 71 Fed. Cl. 549, 553 (2006). If so, it must next consider whether the interests of judicial economy outweigh the potential for delay, confusion and prejudice that may result from consolidation. *Id.*

**II. Reasons Why A Decision on Consolidation for Trial is Premature.**

The parties themselves have already agreed that depositions and written discovery produced in one of these cases may be used in all, and it may be appropriate for the Court to issue such an order. It is unlikely, however, that the facts proving the physical occupation and taking of one parcel will be the same for all of the other parcels, and it is clear that separate appraisals of each parcel will have to be done to assess damages. For this reason, Plaintiffs request that a ruling on consolidation be postponed until a point closer to trial. Plaintiffs make this suggestion for the following reasons: (1) the cases are at materially different stages of discovery, having been filed nine months apart; (2) this Court has already ruled on December 14, 2006, that factual differences among the cases precludes joining these claims in the same Complaint; and (3) as discovery and trial preparation proceed, further factual differences among the cases may develop which would preclude the efficient joint trial of all five claims. Accordingly, Plaintiffs request that the three judges to whom these cases are assigned defer a decision on consolidation for purposes other than

discovery until the facts have been more fully developed.

First, *Otay Mesa Property L.P.,* No. 06-167L, was filed on March 3, 2006. The JPSR has been filed, the Initial Status Conference has been held, and discovery is set to close in late March, making the case ready for trial by June or July of this year.[3] In contrast, the Complaints in the two new cases, Nos. 06-876L and 06-877L, were filed approximately a month ago. Defendant has not yet filed its Answers in these two cases. JPSR's have not been prepared, nor has an initial Status Conference been held in either case.

Because the various cases are at distinctly different stages of trial preparation, it is unlikely that the new cases could be ready for trial at the same time as the earlier filed cases, casting significant doubt on any judicial economy to be gained. *See, e.g., Lowry Econ. Redevelopment Auth. v. United States*, 71 Fed. Cl. at 553; *see also Lucent Technologies Inc. v. United States*, 69 Fed. Cl. 512, 515 (2006) ("the distinct procedural postures of *AT & T I* and *Lucent* vitiate any judicial economy that might be

[3] In the earlier-filed case, Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International LLC, and Defendant exchanged initial disclosures on October 13, 2006, and written discovery requests on November 8, 2006. They exchanged responses to written discovery on December 18, 2006. They have since moved on to depositions, which are scheduled to take place in San Diego, California during the week of February 19, 2007. Discovery is scheduled to conclude in March 2007.

gained by consolidation.”).

Second, as Plaintiffs read the December 14, 2006 Order, this Court has already declined to consolidate the claims of International Industrial Park, Inc. and D & D Landholdings with the earlier-filed three consolidated claims. As noted above, the *Otay Mesa Property L.P.* was originally filed as a single claim by three related Plaintiffs, involving three adjacent parcels of land. At the initial status conference this Court first ordered the three claims severed and assigned different docket numbers,[4] then ordered them consolidated. *See* Ex. C (Order, Nov. 1, 2006.) Believing their claims to be similar to the three already consolidated, on December 4, 2006, these two new Plaintiffs, together with the three Plaintiffs who filed the initial case, filed an Unopposed Motion to Amend Complaint in order to join their claims with those already on file. On December 14, 2006, this Court denied the motion. (Order, Dec. 14, 2006.) In denying the motion, this Court stated that “D & D Landholdings and International Industrial Park, Inc. may file separate, individual complaints with the Court of Federal Claims.” Order ¶ 3 (Dec. 14, 2006). Plaintiffs complied with this Order by filing separate, individual Complaints on December 22, 2006.

[4] No separate docket numbers have yet been assigned to the severed claims of Rancho Vista Del Mar and Otay International LLC, although the Court ordered the claims to be severed and treated as separate actions with separate docket numbers before being consolidated under *Otay Mesa*

Third, in light of the intensely fact-specific nature of taking cases, it is premature for the Court to order a consolidated trial for all Plaintiffs. As the Court noted in severing the initial three cases, each Plaintiff owns a different parcel of land which has been occupied by the Border Patrol at different times and in different ways. (Status Conference Tr. 12:24, Nov. 1, 2006) ("[S]omewhere down the line the facts would diverge for each of the pieces of property."). As a taking claim requires a searching, ad hoc inquiry into the facts of each case (*see Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978)) the proof of liability may well vary from Plaintiff to Plaintiff and parcel to parcel, and the proof of damages will certainly be unique to each parcel.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court order that depositions and discovery be coordinated for use in all five cases, but that the three judges to whom these cases are assigned defer a decision on consolidation for purposes other than discovery until the facts have been more fully developed.

Respectfully submitted,

---

*Property L.P. v. United States*, No. 06-167. *See* Order, Nov. 1, 2006.

/s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 25, 2007, a true and correct copy of the foregoing Plaintiffs' Response to Defendant's Notice of Indirectly Related Cases was sent via electronic mail and postage-paid U.S. mail to:

Susan V. Cook
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW
Room 3112
Washington, DC 20004
(202) 305-0470
(202) 305-0506 (fax)
Email: susan.cook@usdoj.gov

/s/ William McGonigle
William McGonigle

# Exhibit A


905
US Border Crossing
Siempre Viva
Airway Rd
Enrico Fermi
OTAY MESA ROAD
Rancho Vista Del Mar
Parcels
7
8
9
Parcel 6
Otay Mesa Property LP
Parcel 5
Rancho Vista Del Mar
Otay Mesa Property LP
Parcel 1
Otay International LLC
Parcel 2
Parcel 3
Rancho Vista Del Mar
Secondary Border Fence
International Boundary
Primary Fence

# Exhibit B

11 Boswell Road
Chula Vista, CA 91914-3519

U.S. Customs and
Border Protection

August 8, 2006

International Industrial Corporation
5440 Morehouse Drive, Suite 4000
San Diego, California 92121

Dear Sir or Madam:

This is to request your immediate attention to the following urgent matter affecting homeland security and border safety. We are deeply concerned about the recent actions taken on your Otay Mesa land to block access by the Border Patrol to the Otay Truck Trail from Alta Road. This access is vital to the Border Patrol's operational control of Otay Mountain and the Otay border area in general, and we seek your cooperation in restoring access as soon as possible so as to avoid an emergency situation.

As you may be aware, the Border Patrol is a uniformed law enforcement component of U.S. Customs and Border Protection, within the United States Department of Homeland Security. Our priority mission is to prevent terrorists and terrorist weapons from entering the country, while continuing to perform our traditional enforcement mission to prevent aliens, smugglers, drugs, and other contraband from illegally crossing the international border between the ports of entry. Our legal authority is as follows.

Pursuant to Section 287(a)(3) of the Immigration and Nationality Act, as amended, Border Patrol Agents are authorized to access private lands within 25 miles of the border for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States. 8 U.S.C. 1357(a)(3); *see also*, 19 U.S.C. 1595(b)(entry into or upon, or passing through private lands authorized in the discharge of official duties). Our patrol authority includes conducting such activities as are customary or reasonable and necessary to prevent the illegal entry of aliens into the United States. *See*, 8 C.F.R. 287.1(c). It is not only customary, but reasonable and necessary for our vehicles to access the Otay Truck Trail via Alta Road in order to effectively patrol Otay Mountain and the Otay border area in general, without having to drive around the mountain in order to do so.

In order to restore the Border Patrol's access to the Otay Truck Trail via Alta Road, we respectfully request that you provide duplicate keys to the locked gate recently installed on the access road to the Otay Truck Trail just east of Alta Road on your property. We will gladly replace the lock and provide you with keys if that is more convenient for you. However, please be advised that if access is required and we do not have the necessary keys, we may have no choice but to cut your chain and place a lock of our own on the same in order to access the Otay Truck Trail in performance of official duties.

We are eager to work in cooperation with you as we achieve operational control of the border, and we remain hopeful that regular patrols of the border will be beneficial to you in that illegal entries and illegal activity on your land may ultimately be reduced or eliminated. However, in order to fulfill our important homeland security responsibilities, please be advised that we intend to exercise our statutory authority to access the Otay Truck Trail as necessary.

Please contact my office to arrange for exchange of keys and/or replacement of the lock on your gate that continues to block the access road to the Otay Truck Trail from Alta Road. This is an urgent matter requiring your immediate attention, and we look forward to hearing from you as soon as possible.

Sincerely,

Darryl Griffen
Chief Patrol Agent

# Exhibit C

# In the United States Court of Federal Claims

Case No. 06-167L
(Filed: November 1, 2006)

**************************************************
OTAY MESA PROPERTY L.P., et al., *
*Plaintiffs,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*
**************************************************

## ORDER

The Court held a telephonic preliminary status conference in the above-captioned case on October 31, 2006. This Order confirms the matters decided at that conference.

The Complaint in this Action lists three separate Plaintiffs, all of which are landowners of property located in eastern San Diego, CA, near the border of Mexico. They file suit under the Fifth Amendment to recover just compensation for the physical taking of their land. The Court and the parties discussed the necessity of giving each Plaintiff a separate case number.

The Court hereby orders the following:

1. The Clerk is ordered to sever the claims of the following plaintiffs from that of Otay Mesa Property, L.P.: Rancho Vista Del Mar and Otay International, Inc.

2. The Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each of those cases.

3. Pursuant to RCFC 42(a), these newly created cases shall be consolidated for all purposes under the lead case, *Otay Mesa Property, L.P., et al. v. United States*, 06-167L, unless otherwise ordered by the Court, and all future filings in this matter shall be filed under the consolidated caption, *Otay Mesa Property, L.P., et al. v. United States*, unless otherwise ordered by this Court. Documents shall be filed using only the first case number 06-167L (Consolidated).

   Note that, "consolidation under Rule 42(a) is simply a procedural device" and "does not merge [multiple] cases into a single claim, nor does it change or expand the parties' rights." *S. Cal. Fed. Sav. and Loan Assoc. v. United States*, 51 Fed. Cl. 676, 678 (2002).

4. This order does not require the parties to file or refile any additional documents in the newly created cases, the dockets and records of which shall be deemed to include any prior filings in this action. **The filing of a separate Complaint for each of the individual plaintiffs is not required.**

5. The court hereby waives any additional filing fees that would otherwise be due pursuant to RCFC 77.1(c).

The parties are currently scheduled to engage in discovery until February 9, 2007, and do not anticipate the severing and consolidation of these cases to affect their discovery schedule. As such, **the parties are hereby ordered to file a Joint Status Report updating the Court on the status of discovery and proposing further proceedings no later than February 19, 2007.** This Joint Status Report should inform the Court what dispositive motions the parties intend to file and propose a briefing schedule for such motions.

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge