IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| OTAY MESA PROPERTY L.P., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 06-167L<br>Hon. Lawrence M. Baskir<br>*(electronically filed 5-2-08)* |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO CONSOLIDATE**

Under RCFC 40.1(b) and 42, Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International, Inc., and Defendant, the United States, respectfully request this Court to consolidate these cases with the case of *International Industrial Park, Inc. v. United States*, No. 06-876 (Hon. Thomas Wheeler), for a liability determination. The parties have also moved for consolidation of a similar case pending before the Hon. Margaret Sweeney.[1]

The parties already have completed their coordinated discovery in the five cases, and have only a few depositions remaining. In the course of completing discovery, the parties have learned that

[1] *D&D Landholdings v. United States,* No. 06-877.

common legal and factual issues dominate the cases. As a result, identical witnesses will need to testify at each of the trials if the cases were to proceed to trial separately. Because all of the witnesses are located in San Diego, California, the parties also have concluded that trial would need to be held in San Diego with the attendant possible burden and expense of multiple out-of-town proceedings.

The parties also now believe that disputed issues of fact are likely to preclude a grant of summary judgment in whole or in part, therefore requiring three separate trials were the cases not to be consolidated. Thus, unless the cases are consolidated, the parties will be required to try largely identical cases in three separate proceedings, yet involving the same witnesses and the same or similar documents and exhibits. Also weighing in favor of a consolidated liability trial is the fact that even though the cases are dominated by similar factual issues, the holding of separate trials raises an attendant risk of inconsistent rulings on substantially identical facts. This is of substantial concern to the members of the De La Fuente family who own all of the parcels (held by different legal entities), and are concerned that similar Border Patrol actions be treated the same for all their parcels.

Finally, consolidating all five cases with Judge Wheeler will facilitate a prompt and efficient determination of liability in the cases, which is obviously in the interests of both the Court and the parties. Judge Wheeler already has invested significant time and resources in examining the facts and law in ruling against the Government's motion to dismiss or for summary judgment. Following his denial of the Government's motion on February 22, 2008, Judge Wheeler indicated to the parties that he intends to promptly set the case for trial in the fall.

The parties understand that Judge Wheeler will not oppose consolidation.

**Background**

There are five cases pending before three different judges on this Court, yet involving adjacent parcels of land in San Diego County, California, on or near the Mexican and United States Border. Counsel for the parties on all of the cases is identical, and all the Plaintiffs are legally related, with common ownership through the De La Fuente family.

All of the parcels at issue are patrolled by the Border Patrol in a manner which is the same or substantially similar among the various

parcels. Further, Plaintiffs allege past development plans which required the combined use of several, differing parcels. Because a large percentage of the land at issue is undeveloped, Border Patrol agents can cross multiple parcels in a single patrol action in response to illegal alien traffic which likewise could transit multiple parcels in a single passage. Plaintiffs in all five cases allege that the Border Patrol's similar actions in patrolling the land have physically taken the property, triggering the Fifth Amendment's duty to pay just compensation. The complaints in each case are the same or substantially similar, alleging common facts and legal claims. In turn, the United States' answers, denying liability, make the same or substantially similar factual assertions and affirmative defenses.

The parties have largely completed their coordinated discovery for all five cases, with only a few depositions remaining to be taken. On February 22, 2008, Judge Wheeler denied the Government's motion in *International Industrial Park* and requested that the parties propose a schedule to promptly proceed to trial.

There is no pending trial date in the *D&D* litigation. The parties have completed their briefing of the United States' motion to dismiss

or in the alternative for summary judgment in December, 2007, and are awaiting an order from Judge Sweeney regarding oral argument.

In these three cases, although discovery is largely completed, the proceedings are in the initial stages. These cases were stayed pending the Supreme Court's decision in *John R. Sand & Gravel Company v. United States.*[2] That stay was lifted on March 17, 2008. The parties filed a joint status report in this case on April 24, 2008, advising the Court that they intended to file a motion to consolidate the cases before Judge Wheeler for purposes of a liability determination. No dispositive motions are pending in these cases, nor have pretrial proceedings begun.

**Argument**

RCFC 42(a) governs consolidation of cases in this Court:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

[2] 128 S.Ct. 750 (2008).

In *Entergy Nuclear Indian Point 2, LLC v. United States,* this Court identified the factors relevant to deciding a motion for consolidation:

> the court must consider whether specific risks of prejudice and possible confusion are "overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and relative expense to all concerned of the single-trial, multiple-trial alternatives."[3]

In *Karuk Tribe of California v. United States,* the Court further noted that consolidating claims is appropriate if the interests of judicial economy outweigh the potential for delay, confusion, and the prejudice that may result from consolidation.[4]

Here, judicial economy decisively favors consolidating this case with *International Industrial Park* for a liability determination. There will be little, if any, risk of prejudice or confusion by consolidating these cases. The claims all arise out of similar actions by United

---

[3] *Entergy Nuclear Indian Point 2, LLC v. United States,* 62 Fed. Cl. 798, 802 (2004) (quoting *Cienega Gardens v. United States,* 62 Fed. Cl. 28, 31 (2004)).

[4] *Karuk Tribe of California v. United States*, 27 Fed. Cl. 429, 433 (1993).

States Border Patrol agents on adjacent parcels of land located in San Diego County, near the United States and Mexican border.

Plaintiffs allege that the Border Patrol's actions constitute a physical taking for which just compensation is due under the Fifth Amendment, and in each case, the Government denies liability, and asserts the same factual and affirmative defenses. Although the parcels are owned by different legal entities, those entities have a common, underlying ownership. Thus, the uniform application of rules of law to all five cases will promote the ends of justice for both parties.

The witnesses, documents, exhibits, and the pretrial briefing will be largely the same in all the cases. The parties believe that liability will be most efficiently determined by consolidating the cases into one trial. If the Government is held liable for a taking, any factual differences that may arise in the context of the damages determination need not be resolved in this present motion because liability and damages have been bifurcated. The parties are presently preparing for a liability trial in *International Industrial Park* this fall, so no undue delay will result from consolidating the cases.

For all of these reasons, consolidation of these cases is ideally appropriate under Rule 42(a). Such a consolidation will promote judicial efficiency and an efficient use of resources.

## Conclusion

The parties ask this Court to enter an Order consolidating this case with *International Industrial Park* for purposes of determining liability.

Counsel for Plaintiffs has conferred with counsel for Defendant, who has agreed that this motion may be submitted on behalf of both parties.

Respectfully submitted,

s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

Submitted: May 2, 2008