# In the United States Court of Federal Claims

No. 06-167L (and consolidated cases)

(Filed: July 22, 2008)

****************************************** *
*
OTAY MESA, L.P. et al., *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
****************************************** *

## FOURTH AMENDED PRETRIAL ORDER

On July 21, 2008, counsel for the parties filed a joint motion to amend the Court's May 16, 2008 Pretrial Order. For good cause shown, the parties' motion is granted. Accordingly, the pretrial schedule is amended as follows:

1. On a mutually convenient date on or before August 14, 2008, counsel for the parties shall exchange exhibits and engage in good-faith efforts to agree upon stipulations of fact. Draft sets of proposed stipulations should be exchanged at least 48 hours in advance of this conference to facilitate counsel's discussion. Agreement to proposed stipulations should not be unreasonably withheld. Counsel may also discuss any other matter that will facilitate remaining pretrial procedures or the trial.

2. On or before August 29, 2008, Plaintiffs' counsel shall file with the Court the following information:

   a. Stipulations of all uncontested material facts, in the format of numbered paragraphs, signed by counsel of record for both parties.

   b. A separate statement of the contested factual issues to be addressed at trial, and as to each issue, the contentions of fact that counsel for Plaintiffs expect to prove at trial.

c. A statement of the proposed conclusions of law that counsel believes will be established, along with the citation to the lead case(s) counsel relies upon.

d. A final list of the persons counsel expects to call as witnesses at trial, including each person's full name and address. Counsel shall indicate for each witness whether the witness is certain to testify at trial, or whether the witness "may" testify at trial. The list should also include a brief description of the subject matter of the person's testimony and the expected length of the direct examination. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

e. A final list of exhibits counsel expects to offer into evidence at trial. To the extent feasible, exhibits shall be numbered in chronological order, with the earliest dated exhibit first. Expert witness exhibits and summaries shall be listed last. Concurrently, counsel shall provide to Defendant's counsel a copy of the listed exhibits. Except for cross-examination or rebuttal exhibits, any exhibit not included on the exhibit list provided to the Court will not be admitted at trial.

3. On or before September 23, 2008, Defendant's counsel shall file with the Court:

a. A separate statement of the contested factual issues to be addressed at trial, and as to each issue, the contentions of fact that counsel for Defendant expects to prove at trial.

b. A statement of the proposed conclusions of law that counsel believes will be established, along with the citation to the lead case(s) counsel relies upon.

c. A final list of the persons counsel expects to call as witnesses at trial, in compliance with the requirements and subject to the restrictions set forth in paragraph 2(d) above.

d. A final list of exhibits counsel expects to offer into evidence at trial. Defendant also shall attempt to number its exhibits in chronological order, with the earliest dated exhibit first, and with expert witness exhibits and summaries listed last. Defendant shall avoid duplicating any exhibit listed by Plaintiffs. Concurrently, counsel shall provide to Plaintiffs' counsel a copy of the listed exhibits. The limitations on admissibility set forth in paragraph 2(e) above shall apply equally to Defendant.

4. All pretrial motions, if any, shall be filed with the Court on or before September 30, 2008.

5. Any responses to pretrial motions shall be filed with the Court on or before October 10, 2008.

All other provisions of the Court's May 16, 2008 Pretrial Order remain in effect.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge