**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| OTAY MESA PROPERTY L.P. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 06-167L<br>(and consolidated cases)<br><br>Hon. Thomas C. Wheeler |

**PROPOSED CONCLUSIONS OF LAW**

In accordance with this Court's Fourth Amended Pretrial Order, Plaintiffs, Otay Mesa Property L.P. et al., submit the following proposed conclusions of law:

1. The Just Compensation Clause of the Fifth Amendment implicitly recognizes the power of the federal government to undertake acts for the public good that result in a total or partial taking of private property. What it provides, however, is that when this occurs, just compensation must be paid. *Vaizburd v. United States*, 57 Fed. Cl. 221, 227 (2003), *vacated*, 67 Fed. Cl. 49 (vacating earlier decision based only on a rejection of "cost of cure recovery").

2. In the bundle of rights we call property, one of the most valued is the right to sole and exclusive possession – the right to exclude strangers, or for that matter friends, but especially the Government . . . ." *Hendler v. United States*, 952 F.2d 1364, 1374 (Fed. Cir. 1991).

3. “When the governmental intrusion is as substantial a physical occupancy of private property as this is, *Loretto* establishes that there is a taking.” *Hendler v. United States*, 952 F.2d 1364, 1377 (Fed. Cir. 1991) (citing *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982)).

4. “[W]e have long considered a physical intrusion by government to be a property restriction of an unusually serious character for purposes of the Takings Clause. Our cases further establish that when the physical intrusion reaches the extreme form of a permanent physical occupation, a taking has occurred. In such a case, ‘the character of the government action” not only is an important factor in resolving whether the action works a taking, but also is determinative.” *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982).

5. The “right to exclude,” is so universally held to be a fundamental element of the property right, falling within this category of interests that the Government cannot take without compensation, that even if the Government physically invades only an easement in property, it must nonetheless pay just compensation. *Kaiser Aetna v. United States*, 444 U.S. 164, 179-80 (1979).

6. “A ‘permanent physical occupation’ has occurred . . . where individuals are given a permanent and continuous right to pass to and fro, so that the real property may continuously be traversed, even though no particular individual is permitted to station himself permanently upon the premises.” *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 832 (1987).

7. The Border Patrol's continuing, 24/7 presence on the subject property is the inevitable and foreseeable result of the Border Patrol's completion of the 1,722-foot portion of the Secondary Fence, and heightened border security after September 11, 2001. The Border Patrol's continuing presence on and physical use and occupation of the subject property on a 24/7 basis constitutes a physical taking of an access easement, entitling Plaintiff to just compensation under the Fifth Amendment. *See Vaizburd v. United States*, 57 Fed. Cl. 221, 230 (2003), *vacated*, 67 Fed. Cl. 49 (vacating earlier decision based only on a rejection of "cost of cure recovery"); *Hendler v. United States*, 952 F.2d 1364 (Fed.Cir.1991).

8. Accordingly, the intensification of the Border Patrol's physical presence on, and physical occupation of, all eleven parcels of the subject property following the terrorists' attack on this country on September 11, 2001, and completion of the Secondary Fence to the western boundary of the subject property in 2001, destroyed the owners' ability to exclude Border Patrol agents, and so interfered with the owners' beneficial and productive use of all of the subject property as to constitute an unconstitutional, physical taking.

9. Because the Government's activities that caused the physical taking in this case occurred since 2001, Defendant's request to dismiss this lawsuit as untimely is without merit. *See Banks v. United States*, 314 F.3d 1304 (Fed. Cir. 2003); *John R. Sand & Gravel v. United States*, 457 F.3d 134 (Fed. Cir. 2006).

10. This Court may exercise subject matter jurisdiction over these claims because they were "filed within six years after such claim first accrues." 28 U.S.C. § 2501.

11. No background principle of real property law deprive Plaintiffs of their right to exclude Border Patrol agents from permanently occupying the subject property; therefore, Defendant's permanent occupancy of Plaintiff's land is a taking for which just compensation must be paid.

12. Valid exercises of the police power can constitute compensable takings under the Fifth Amendment, and there is no law enforcement exception to the just compensation requirement clause. *See*, *e.g.*, *Palazzolo v. Rhode Island*, 533 U.S. 606, 635 n.* (2001) (O'Connor, J., concurring); *Dolan v. City of Tigard*, 512 U.S. 374, 390 (1994); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1026 (1992); *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 149 (1978); *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922).

13. While the Border Patrol has a general law enforcement power to pursue suspects of illegal activity onto private property, the Border Patrol's right of entry onto the subject properties is limited. *See* 8 USC §1357 (a)(3); *see also United States v. Romero-Bustamente*, 337 F.3d 1104, 1109-10 (9th Cir. 2003).

14. The Border Patrol's interference with the Plaintiffs' property rights are substantial and frequent enough to rise to the level of the taking of a property right, in this case an access easement, for which Plaintiffs have sustained substantial economic damages. *Ridge Line, Inc. v. United States*, 346 F.3d. 1346, 1357 (Fed. Cir. 2003); *Vaizburd v. United States*, 57 Fed. Cl. 221, 228 (2003), *vacated*, 67 Fed. Cl. 49 (vacating earlier decision based only on a rejection of "cost of cure recovery").

Respectfully submitted,

s/ Roger J. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA LAW
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
(202) 822-6760
(202) 822-6774 (facsimile)
Counsel for Plaintiff

Dated: August 29, 2008