**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| OTAY MESA PROPERTY L.P., et al., | ) | |
| Plaintiffs, | ) | No. 06-167L<br>(and consolidated cases) |
| v. | ) | Hon. Thomas C. Wheeler |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' STATEMENT OF CONTESTED FACTUAL ISSUES TO BE ADDRESSED AT TRIAL**

In accordance with this Court's Fourth Amended Pretrial Order, Plaintiffs file this statement of contested facts, which are to be addressed at the upcoming trial of this matter. Plaintiffs have identified two principal factual issues to be tried:

1. Do the facts support Plaintiffs' claim of a physical taking of an easement to occupy the subject property?

To prove that a physical taking has occurred, Plaintiffs will establish that, since 2001, Border Patrol agents have physically occupied the subject property on a 24/7 basis. Their occupation has included building and maintaining roads, building a shelter for their agents ("the hootch"), laying out an all-terrain vehicle training course and engaging in training exercises, installing spotlights, night scopes and ground sensors, routinely driving over virtually every portion of every parcel, challenging the right of the owners and their employees and visitors to be present on Plaintiffs' land, and asserting the right to move around the subject property at will. Plaintiffs will call at least 10 Border Patrol agents to testify that (1) they and other Border Patrol

agents occupy all 11 parcels every day, on a 24-hour basis; (2) in performing their duties they make no distinction between Plaintiffs' private land and adjacent land owned by the government; (3) they have been instructed that they have the right to occupy Plaintiffs' land at all times in performance of their duties; and (4) they drive their vehicles, including all-terrain vehicles and SUV's, off-road as well as on the established roads on all 11 parcels of the subject property.

2. If so, did that taking occur prior to 2001?

In response to the government's statute of limitations defense, Plaintiffs will present evidence that Border Patrol activities prior to 2001 did not rise to the level of a taking, and that only after the terrorist attack of September 11, 2001 and the extension of the secondary border fence to a point just west of the subject property, did Border Patrol activities on their land dramatically increase.

Respectfully submitted,

s/ Roger J. Marzulla

Roger J. Marzulla
Nancie G. Marzulla
MARZULLA LAW
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)

Counsel for Plaintiffs

Dated: August 29, 2008