# In the United States Court of Federal Claims

No. 06-167L (and consolidated cases)

(Filed: July 8, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| OTAY MESA PROPERTY, L.P., et al., | |
| Plaintiffs, | Motion for Reconsideration; Recovery of Interest for Permanent Taking of Non-Exclusive Easement Under Fifth Amendment; Determination of the Starting Date for Calculation of Interest. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Roger J. Marzulla*, with whom was *Nancie G. Marzulla*, Marzulla Law, LLC, Washington, D.C., for Plaintiffs.

*Lary C. Larson*, with whom were *Ignacia S. Moreno*, Assistant Attorney General, and *Joshua A. Doan*, Trial Attorney, United States Department of Justice, Environment and Natural Resources Division, Washington, D.C., *Michael Felts*, Senior Attorney, United States Customs and Border Protection, Of Counsel, for Defendant.

OPINION AND ORDER ON PLAINTIFF'S
MOTION FOR RECONSIDERATION

WHEELER, Judge.

On May 30, 2013, the Court issued an opinion and order awarding $455,520 in damages to Plaintiffs, plus compound interest from October 16, 2008 until the date of payment. Otay Mesa Prop., L.P. v. United States, 110 Fed. Cl. 732, 747 (2013). The Court selected the date to commence the running of interest based upon the Government's filing of a "stipulation" on October 16, 2008 acknowledging that a Fifth Amendment taking had occurred through the placement of seismic intrusion sensors on Plaintiffs' property. Id. The Court ruled that the interest computation should be based on the rate set forth in the Contract Disputes Act ("CDA"), 41 U.S.C. § 7109. Id. The Court

asked the parties to submit a joint filing by June 10, 2013 stating the proper interest amount to be paid under the CDA.  Id.

Instead of filing a proposed interest calculation on June 10, 2013, Plaintiffs filed a motion for reconsideration asking the Court to begin the running of interest from April 1999 when the first sensor was installed on Plaintiffs' property.  Plaintiffs assert that interest should run from the date of the taking in 1999, not from the date when the Government filed its concession of liability for the taking in 2008.  Plaintiffs emphasize that in an earlier opinion, Otay Mesa Property, L.P. v. United States, 93 Fed. Cl. 476, 491 (2010), the Court had calculated interest from April 1999, which the Government did not challenge on appeal.  Thus, while the Federal Circuit determined that the taking should be considered permanent instead of temporary, Otay Mesa Property, L.P. v. United States, 670 F.3d 1358, 1368 (Fed. Cir. 2012), Plaintiffs argue that the appellate court did not alter the ruling on interest.

The Government opposed Plaintiffs' motion for reconsideration on June 25, 2013, arguing that the Court properly commenced the running of interest from the date when the Government filed its stipulation.  The Government points out that the first version of the stipulation was filed on August 28, 2008, and that the October 16, 2008 filing was an amended version intended to correct certain inaccuracies in the first stipulation.  The Government does not object to running the interest calculation from the date when Plaintiffs first received notice of the taking on August 28, 2008, but otherwise the Government objects to Plaintiffs' motion.  The Government contends that Plaintiffs would receive a windfall if interest ran from April 1999, because only one sensor on one parcel of land had been installed at that time.

Plaintiffs filed a reply on July 1, 2013.   The Court deems oral argument unnecessary, and therefore proceeds to its decision.

Discussion

The Court acknowledges the existence of ample case law holding that interest in a Fifth Amendment taking should run from the date of the taking.  See, e.g., Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 10 (1984) (owner is entitled to interest so he is placed in as good a position as he would have occupied if payment had coincided with the taking); Jacobs v. United States, 290 U.S. 13, 16-17 (1933) (owner is entitled to interest to produce the equivalent of the value if paid at the time of the taking).  This principle recognizes the time value of money and the opportunity a plaintiff has lost to earn income on its damages award.  Whitney Benefits, Inc. v. United States, 30 Fed. Cl. 411, 413 (1994).  A delay in payment is also a delay in the use of the money.  ITT Corp. v. United States, 17 Cl. Ct. 199, 240 (1989).

In the first damages decision in this case, the Court considered the Government's placement of seismic intrusion sensors on Plaintiffs' property to be a temporary taking. It awarded damages to Plaintiffs at a rental value of $41.50 per acre per month based upon the fair market value as determined from comparable non-exclusive leases in the same region. Otay Mesa, 93 Fed. Cl. at 489-90. The Court authorized the interest calculation from the date of sensor installation on each of five parcels of land. Id. at 491. Viewed on a rental value basis, the Court found it appropriate to compute interest from the date of sensor installation, because the Government did not pay rent to Plaintiffs when due, from as early as April 1999. The rental value approach, and a longer period of interest, would have resulted in a larger damages award to Plaintiffs, but the Federal Circuit determined that the Government's use of seismic intrusion sensors on Plaintiffs' property constituted a permanent taking instead of a temporary taking. Otay Mesa, 670 F.3d at 1368.

Following the direction of the appellate court that the Government's placement of sensors on Plaintiffs' property is a permanent taking, the Court used a completely different approach in determining reasonable and appropriate damages. As explained in the May 30, 2013 decision on damages, the Court ascribed a value to the risk Plaintiffs assumed in having their property subjected to a Government easement. Otay Mesa, 110 Fed. Cl. at 747. The risk is that California authorities may not approve the use of Plaintiffs' property for mitigation purposes because of the Government's sensor easement. Plaintiffs did not have this risk prior to the Government's taking of a non-exclusive easement.

The Government first divulged the existence of the sensors to Plaintiffs through the filing of the stipulation on August 28, 2008. Before that date, only the Government knew that the sensors were in use on Plaintiffs' property. If no person or entity outside of the Government was aware of the sensors until the disclosure date in 2008, the risk on which the Court's damages award is based did not exist until 2008. Indeed, the record shows that Plaintiffs were able to use portions of their property for mitigation purposes in 2003, before the existence of the easement had been disclosed but after sensors had been placed on the property. Otay Mesa, 93 Fed. Cl. at 484 (citing Carter, Tr. 203-04, 209-12, DX 26, 27).

Therefore, the operative date to begin the assessment of interest is August 28, 2008, because until the date of easement disclosure, there was no risk to Plaintiffs that the easement would affect California's approval of land use for mitigation purposes. Under a permanent taking theory, there simply is no basis to award damages of any kind to Plaintiffs prior to the Government's disclosure of the easement. Accordingly, Plaintiffs' motion for reconsideration is GRANTED IN PART to adjust the commencement date for interest to August 28, 2008, but in all other requests Plaintiffs' motion is DENIED.

The parties again are requested to submit a joint filing on or before July 19, 2013 updating their respective positions on the proper interest amount to be paid under the

CDA.  The entry of judgment will be stayed pending the determination of the amount of interest to which Plaintiffs are entitled.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge