# In the United States Court of Federal Claims

No. 06-167L (and consolidated cases)

(Filed: June 27, 2016)

```
*************************************  *
                                       *
OTAY MESA PROPERTY, L.P., et al.,      *
                                       *
                                       *
                  Plaintiffs,          *   Taxation of Costs; Fees of the Clerk; Fees
                                       *   of the Reporter for Trial Transcripts; Fees
v.                                     *   for Witnesses; Costs for Duplication of
                                       *   Papers; Costs Incident to Taking
THE UNITED STATES,                     *   Depositions; Other Costs; Downward
                                       *   Reduction for Limited Success.
                  Defendant.           *
                                       *
*************************************  *
```

*Roger J. Marzulla* and *Nancie G. Marzulla*, Marzulla Law, LLC, Washington, DC, for Plaintiffs.

*Davene D. Walker,* with whom was *John C. Cruden,* Assistant Attorney General, Environmental and Natural Resources Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER REGARDING TAXATION OF COSTS

WHEELER, Judge.

In this Fifth Amendment taking case, the Court ultimately awarded damages to Plaintiffs of $455,520.00, plus interest. This outcome resulted after a liability trial in San Diego, California, two damages trials in Washington, D.C., and two appeals to the U.S. Court of Appeals for the Federal Circuit. Otay Mesa Prop, L.P. v. United States, 779 F.3d 1315, 1327 (Fed. Cir. 2015) ("Otay Mesa II"); Otay Mesa Prop., L.P. v. United States, 110 Fed. Cl. 732, 747 (2013) ("Damages and Interest Decision"); Otay Mesa Prop., L.P. v. United States, 670 F.3d 1358, 1360 (Fed. Cir. 2012) ("Otay Mesa I"); Otay Mesa Prop., L.P. v. United States, 93 Fed. Cl. 476, 479-84 (2010) ("Damages Decision"); Otay Mesa Prop., L.P. v. United States, 86 Fed. Cl. 774, 775-85 (2009) ("Liability Decision"). On June 5, 2015, the Court entered final judgment for Plaintiffs in the amount of $802,501.23, including interest. The Clerk entered judgment in Plaintiffs' favor on June 12, 2015. The

Court allowed Plaintiffs to recover reasonable costs under Rule 54(d), Rules of the Court of Federal Claims ("RCFC").

On June 5, 2015, Plaintiffs filed their Bill of Costs in the amount of $85,242.82. After briefing was complete, the Court's Clerk's Office personnel performed a careful analysis of the claimed costs and concluded that a significant number of items were unsupported or required further explanation. Accordingly, the Court directed the parties to provide additional detail and support for certain parts of the Bill of Costs. On April 4, 2016, Plaintiffs responded to the Court's order with the requested detail and support. On April 25, 2016, Defendant filed its objections, and on May 5, 2016, Plaintiffs filed their reply. In the course of the supplemental briefing, Plaintiffs reduced their costs to $69,227.95. Dkt. No. 322 at 10.

RCFC 54(d) provides that the Court may tax costs in favor of the prevailing party "to the extent permitted by law." Cost awards are governed by 28 U.S.C. §§ 1821 and 1920 (2000). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden to establish to the Court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the Court must find that the prevailing party has claimed a necessary litigation expense and that the amount to be taxed is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993). The Court has broad discretion to determine the appropriate award of costs. See Tempest Publ'g, Inc. v. Hacienda Records and Recording Studio, Inc., 141 F. Supp. 3d. 712, 725 (S.D. Tex. 2015).

The following is a summary of the Bill of Costs as requested by Plaintiffs and evaluated by the Court. The Clerk's Office staff provided many hours of important and helpful review in this matter, for which the Court is extremely grateful.

A. Fees of the Clerk

Under 28 U.S.C. § 1920(1), Plaintiffs claim $1,660.00 for the filing fees paid to the Clerk, with supporting documents attached to the Bill of Costs. Dkt. No. 293-3 at 1; Dkt. No. 322 at 3 n.12. Plaintiffs paid $250.00 to file each of the three consolidated cases at issue in this litigation, and $455.00 for each of the two appeals filed with the Federal Circuit.

Reimbursement of "fees of the clerk" is expressly authorized by 28 U.S.C. § 1920(1), and therefore the $750.00 Plaintiffs paid to file their cases in this Court are allowable. However, in each of Plaintiffs' appeals, the Federal Circuit ordered the case affirmed in part, vacated in part, and remanded, and that "[e]ach party shall bear its own costs." Otay Mesa II, 779 F.3d at 1329; Otay Mesa I, 670 F.3d at 1370; see Fed. R. App. P. 39(a)(4) (if judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders). Plaintiffs argue that an appeals court decision not to award

2

costs on appeal does not bar the recovery of the appeal filing fees once a party has prevailed. Dkt. No. 322 at 8. The Court disagrees, and exercises its discretion to disallow $910.00 for Plaintiffs' appellate filing fees.

      B.  <u>Fees of the Reporter for Trial Transcripts</u>

Under 28 U.S.C. § 1920(2), Plaintiffs request fees of the reporter for the transcripts of court proceedings. The Court may tax the cost of transcripts of court proceedings where: (1) the transcripts were necessarily obtained for use in the case, and (2) the cost is reasonable. 28 U.S.C. § 1920(2) (2000); <u>Chore-Time Equip., Inc. v. Cumberland Corp.</u>, 713 F.2d 774, 781-82 (Fed. Cir. 1983).

Plaintiffs request $18,117.30 for reporter fees and the cost of nine transcripts related to pre-trial and trial proceedings in this matter. Dkt. No. 293-3 at 1; Dkt. No. 320-1 at 1-10. Plaintiffs represent that all of these fees and costs were necessary for the litigation of this case and have supported the requested amounts with itemized invoices from the court reporting company. Dkt. No. 320 at 3; Dkt. No. 320-1 at 2-10.

In general, transcript and reporter fees supported by itemized invoices from the reporting company speak to the reasonableness of those charges. Nevertheless, "the expense of additional copies of transcripts in electronic or condensed format or of premium delivery must be justified on grounds of necessity; if incurred for the convenience of counsel, such costs are not taxable." <u>Dalles Irrigation Dist. v. United States</u>, 91 Fed. Cl. 689, 712 (2010). Plaintiffs state that the Court's reporting company automatically charged a delivery fee for all transcripts it provided, and thus these delivery fees are deemed necessary and reasonable, and perhaps unavoidable. They also argue that additional copies were necessary for purposes of being able to search through the transcripts and thus aided in the efficient and timely presentation of the case. Dkt. No. 320 at 1-2.

Based on the overall complexity of this case, the Court agrees that the ability to perform electronic word searches was a necessity and not something simply for the convenience of counsel. <u>See</u> <u>First Fed. Sav. & Loan Ass'n of Rochester v. United States</u>, 88 Fed. Cl. 572, 600 (2009) (finding that trial transcripts in electronic and condensed versions were not just for convenience of counsel as they allowed counsel for both parties to provide efficient service to their clients and improved presentations to the court). Accordingly, the full amount of $18,117.30 is allowed as taxable for fees of the reporter for trial transcripts.

      C.  <u>Fees for Witnesses</u>

Under 28 U.S.C. § 1920(3), Plaintiffs ask the Court to tax $2,465.75 for all three categories of fees available for witness expenses: travel fees under 28 U.S.C. § 1821(a)(1) and (c)(4), statutory attendance fees under 28 U.S.C. § 1821(b), and subsistence expenses

under 28 U.S.C. § 1821(d).  In their revised Bill of Costs, Plaintiffs claim these fees for only one witness, David Wick.  Mr. Wick was Plaintiffs' party representative who attended all of the proceedings.  Mr. Wick testified at the liability trial and at the first damages trial.  Dkt. No. 320 at 4-5.

Pursuant to 28 U.S.C. §§ 1920(3) and 1821(c)(4), a witness's "normal travel expenses" are taxable as costs if the witness is attending a court proceeding or having his deposition taken.  See, e.g., West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co., 834 F.2d 1232, 1237 (5th Cir. 1988).  Party representatives are not entitled to such costs except for the days on which they appear as a witness, and the court has the discretion to exclude the travel expenses of party representatives from taxation to limit the costs to attendance and subsistence.  Ezelle v. Bauer Corp., 154 F.R.D. 149, 154-55 (S.D. Miss. 1994).  The Court has the discretion to tax witness travel expenses so long as the amount awarded does not exceed the amount allowed by the applicable statute.  28 U.S.C. § 1821; see 10 Charles Alan Wright et al., Federal Practice and Procedure § 2678 (3d ed. 2011).

In addition to taxation for travel costs, 28 U.S.C. § 1821(b) mandates that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" and section 1821(d)(2) allows taxation for subsistence fees for a witness's required overnight stay, "in an amount not to exceed the maximum per diem allowance prescribed by [GSA]."  Plaintiffs' taxable witness fees are as follows.

    1.  Travel Costs

According to 28 U.S.C. § 1821(c)(1), if a witness travels to the location of a deposition or trial by common carrier, the court may tax "the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance."  If a witness travels by privately owned vehicle, the travel allowance equals the mileage allowance prescribed by the Administrator of General Services.  28 U.S.C. § 1821(c)(2).

Plaintiffs request a total of $1,093.75 in travel costs for David Wick.  Of that amount, the following costs are taxable: $545.20 for airfare to the first damages trial (Dkt. No. 320-2 at 3, 14); $51.00 for parking at the liability trial in San Diego, California (Id. at 1, 5); and $30.30 for mileage during the liability trial (Id. at 1).  For the proceedings in Washington, D.C., the Court disallows $467.25 in parking and common carrier costs because the witness's hotel was across the street from the location of the trial.  Based on the foregoing, the Court allows $626.50 in travel costs.

2. Attendance Fees

According to 28 U.S.C. § 1821(b), a witness shall be paid $40.00 per day for each day's attendance. Although Plaintiffs did not claim any attendance fees in their originally filed Bill of Costs, Dkt. No. 293-3, they now claim $240.00 for David Wick's testimony at the liability trial and at the first damages trial, Dkt. No. 320-2 at 1. These costs are reasonable and allowable even though not included in Plaintiffs' original Bill of Costs. The Court regards the omission of these costs in the first filing as a clerical error.

3. Subsistence Costs

According to 28 U.S.C. § 1821(d), Plaintiffs are allowed taxation for subsistence fees for each witness's required overnight stay. 28 U.S.C. § 1821(d)(2). Plaintiffs have claimed $1,132.00 in taxable subsistence costs for David Wick's attendance and testimony at the liability and first damages trials. Dkt. No. 320-2 at 1-3.

Most of Plaintiffs' claimed subsistence costs, $1,091.09, are disallowed because Plaintiffs previously claimed these costs as part of their motion for attorneys' fees and litigations expenses. Dkt. Nos. 292, 305. Review of the remaining costs leads the Court to conclude that $40.91 is taxable: $37.75 for meals on November 15, 2009, and $3.16 for meals on November 16, 2009.

In sum, the Court finds that the amount of $907.41 is taxable as reasonable and necessary witness travel, attendance, and subsistence costs, and disallows $1,558.34.

D. Costs for Duplication of Papers

Plaintiffs request $18,227.76 for the duplication of papers. The Court may tax costs for duplication of papers necessarily obtained for use in the case under 28 U.S.C. § 1920(4). See Fogleman v. ARAMCO, 920 F.2d 278, 285-86 (5th Cir. 1991). Documents filed with the Court are presumed to have been necessarily obtained for use in the case. See Friedlander v. Nims, 583 F. Supp. 1087, 1088 (N.D. Ga. 1984); Taxation of Costs, Arizona Pub. Serv. Co. v. United States, No. 03-cv-2832 (Fed. Cl. December 10, 2010), ECF No. 105. The Court permits costs to be taxed for up to five copies of each pleading, dispositive brief, or other document that is filed with the Court, and requires that a claim be substantiated with the "number of copies, total pages, and costs per page." RCFC App., Form 4, Bill of Costs.

Plaintiffs seek reimbursement for the cost of "printing discovery documents, the cost of printing the required copies of Otay Mesa's exhibit binders for the liability trial and damages trials, and the cost of printing and filing Otay Mesa's briefs on the two appeals." Dkt. No. 293-2 at 3. As previously noted, the Federal Circuit ordered that each party should

bear its own costs on appeal.  Accordingly, the following costs related to the appeals are disallowed:

- $950.34 for printing and filing of Appellees' brief (Dkt. No. 293-3 at 2);
- $746.08 for printing and filing of reply brief (Dkt. No. 293-3 at 2);
- $973.31 for printing and filing of opening brief (Dkt. No. 293-3 at 2).

Plaintiffs further seek reimbursement of $62.23 for "[p]hotocopies and binding of M. Perry's deposition to use as exhibit." Dkt. No. 293-3 at 1.  However, as plaintiffs have provided no documentation supporting this cost, this cost also is disallowed.  Accordingly, the Court allows $15,495.80 as reasonable and necessary costs for the duplication of papers.

E. Costs Incident to Taking Depositions

Under 28 U.S.C. § 1920(2), Plaintiffs request $27,028.22 for costs related to the taking of 44 depositions.  Dkt. No. 320 at 5-9; Dkt. No. 320-3.  Plaintiffs state that these costs are "associated with the depositions of the 23 Government officials that Otay Mesa deposed during discovery and the expert witnesses for the parties in both the liability and damages phases." Dkt. No. 293-2 at 3.  In addition, Defendant deposed all of Otay Mesa's fact witnesses. Id.   The invoices supporting these transcript costs are found at Dkt. No. 320-3 at 6-68.

As noted above, "the expense of additional copies of transcripts in electronic or condensed format or of premium delivery must be justified on grounds of necessity; if incurred for the convenience of counsel, such costs are not taxable." Dalles Irrigation Dist., 91 Fed. Cl. at 712 (citing Asphalt Supply Svc. v. United States, 75 Fed. Cl. 598, 602–03 (2007)).  Nevertheless, the Court does give "some deference with respect to the ordering of transcripts of hearings to the litigation judgments made by the experienced trial counsel . . . ." First Fed. Sav. & Loan Ass'n of Rochester, 88 Fed. Cl. at 600 (finding all plaintiffs claimed costs incident to the taking of depositions, including those for appearance fees, and additional copies in electronic and condensed formats, as taxable).

The Court has evaluated Plaintiffs' documentation to support the claimed deposition costs, and in keeping with the analysis of Plaintiffs' costs for fees of the reporter of trial transcripts, has allowed all costs related to the transcribing of depositions, including those for expedited transcripts, as well as all costs for non-expedited shipping/handling and delivery.  The Court also allows the various appearance fees and per diem charges required to compel the appearance of Government witnesses at depositions.  The Government generally demands payment of these charges before allowing the depositions to go forward.  In sum, the Court allows the full amount of these charges, $27,028.22.

6

F.  Other Costs

Plaintiffs request $1,729.12 in "other costs" associated with discovery and with preparing and presenting exhibits in the liability trial in San Diego in 2008. Dkt. Nos. 293-2 at 4, 293-3 at 2–3.  Pursuant to RCFC 54(d)(1), costs other than attorneys' fees shall be allowed to the prevailing party to the extent permitted by law.  Defendant argues that these costs should not be allowed as they are not identified as permissible costs in section 1920. Dkt. No. 321 at 8.

Applying reasonable discretion, the Court allows these costs, given the facts and circumstances of this case.  As a Court of national jurisdiction, this court often sits in locations removed from the offices of counsel.  This case was initially litigated in San Diego, California, while counsel's office is in Washington, DC.  In light of the complex evidentiary presentations required during trial, these costs were reasonable and necessary for Plaintiffs' presentation of their case.  These costs are modest in total, and consist mainly of shipping charges for sending documents and files to San Diego and back for the out-of-town trial.  Accordingly, $1,729.12 in "other costs" are allowed.

G.  Downward Reduction

Defendant argues that Plaintiffs' allowed costs should be reduced by 40 percent in keeping with the Court's order on Plaintiffs' motion for attorneys' fees and litigation expenses.  Dkt. No. 321 at 8.  Plaintiffs respond that such a reduction would be arbitrary and without legal authority.  Dkt. No. 322 at 9-10.

In deciding Plaintiffs' motion for attorneys' fees and litigation expenses in this case, the Court concluded that it was appropriate to reduce Plaintiffs' attorneys' fees and expenses by 40 percent for the period running from the filing of the initial complaint on March 3, 2006, through the filing of the mandate in the first appeal to the Federal Circuit, on March 19, 2012, based on the limited success of Plaintiffs' claims.  Dkt. No. 313 at 10-12.  Along with reducing Plaintiffs' relevant attorney hours by 40 percent, the Court reduced Plaintiffs' litigation expenses by the same percentage.  Id. at 13.

Accordingly, in the Court's discretion, Plaintiffs' allowed costs incurred between March 3, 2006, through March 19, 2012, have been taxed at 60 percent (i.e., reduced by 40 percent), while costs incurred after March 19, 2012, have been taxed at 100%.  See Tempest Publ'g, Inc., 141 F. Supp. 3d. at 726 (noting that courts have "wide discretion" to ensure costs are taxed equitably and reducing plaintiff's costs due to limited success on claims); see also Padgett v. Loventhal, 706 F.3d 1205, 1208 (9th Cir. 2013) (court did "not quarrel" with district court's conclusion that awarding the prevailing party its full request for fees and costs "might overcompensate him in light of his failure to prevail on the vast majority of his claims"); Reger v. Nemours Found., Inc., 599 F.3d 285, 288-89 (3d. Cir. 2010) (if

7

district court, in its discretion, denies or reduces a prevailing party's award of costs, it must articulate reasons for doing so).

Based on the foregoing, the Court taxes costs in favor of Plaintiffs and against the Defendant as follows:

|  | **COSTS ALLOWED BEFORE 40% REDUCTION** | **COSTS ALLOWED AFTER 40% REDUCTION** |
|---|---|---|
| Fees of the Clerk | $750.00 | $750.00 |
| Fees of the Reporter for Trial Transcripts | $18,117.30 | $10,870.38 |
| Fees for Witnesses | $907.41 | $544.45 |
| Costs for Duplication of Papers | $15,495.80 | $9,297.48 |
| Costs Incident to Taking Depositions | $27,028.22 | $16,216.93 |
| Other Costs | $1,729.12 | $1,037.47 |
| **TOTAL COSTS TAXED** |  | **$38,716.71** |

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge